UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
EMANUEL DASH

                           Plaintiff                                    SECOND AMENDED
     -against-                                                     COMPLAINT
                                                               PLAINTIFFS DEMAND
                                                               TRIAL BY JURY

DETECTIVE RONALD J. MONTAS, Sh.6795
& DETECTIVE WILLY JOHNSON, Sh #4446

                                                              17-cv- 515

                         Defendants

-------------------------------------------------------------------------x

      Plaintiff, EMANUEL DASH by his attorney, Michael Colihan, as and for his complaint in this action against the defendants, above named, respectfully sets forth and alleges as follows:

## PRELIMINARY STATEMENT

      1. This is a civil action for damages brought to redress the deprivation by defendants of the rights secured to plaintiffs under the Constitution and laws of the United States and the State of New York. The defendants, upon information & belief without probable cause, falsely imprisoned the plaintiff in Kings County . The plaintiff suffered loss of liberty and serious and severe psychological injuries, as well as the exacerbation of pre existing injuries the full nature and extent of which have yet to be determined. The plaintiff did not consent to any confinement and it was not otherwise privileged. The plaintiff, in the underlying criminal action, was charged with four (4) robberies which occurred in Kings County in April of 2015. The person who committed these robberies had his face covered with a mask or by other means and

none of the victims of the robberies made a courtroom identification of the plaintiff, who was the defendant in the underlying criminal action. The defendant RONALD MONTAS, a New York City Police Officer, upon information and belief, falsely and perjuriously testified that the plaintiff had confessed to these robberies. The plaintiff falsely did so because defendant MONTAS told the plaintiff he would be shot if he did not write a false written confession dictated by MONTAS. This happened while the plaintiff was in police custody. The underlying criminal case against the plaintiff was tried in front of a jury in Kings County Supreme Court. Defendant MONTAS testified as to the false and coerced confession. The plaintiff testified that the confession was false and induced by the coercive actions and statements of defendant MONTAS and the plaintiff was found not guilty after a trail by jury. The plaintiff was incarcerated over 17 months before he was acquitted and released.  By the filing of this complaint, the plaintiff now alleges that the individual defendants, the City of New York & the New York City Police Department violated their rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law. In particular, the defendant RONALD MONTAS, who obtained a false confession from the plaintiff in the underlying criminal action, has also been a defendant in a number of other civil rights actions as set for below.

**JURISDICTION**

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343  of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and

decide his New York State Law claims of false arrest, false imprisonment, and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers. These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4. Venue is properly laid in the Eastern District of New York in that this is the District where the claim arose, and the plaintiff was arrested.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b) .

### PARTIES

6. The plaintiff EMANUEL DASH is an African- American male and a resident of the City and State of New York.

7. That the defendant POLICE OFFICER RONALD MONTAS was and is an agent, servant and employee of the defendant the City of New York .

8. That the defendant DETECTIVE WILLY JOHNSON, Sh. # 4446 was and is an agent, servant and employee of the defendant the City of New York .

9. That the defendants POLICE OFFICER JOHN DOE was and is an agent, servant and employee of the defendant the City of New York .

## STATEMENT OF RELEVANT FACTS

10.  The defendants, in particular defendant RONALD MONTAS, were investigating a number of commercial armed robberies which took place in the Bedford Styvesant section of Kings County in April of 2015. These can be summarized as follows:

11. Mr. Zachery Teeple was a customer in a wine shop at 305 Franklin Avenue Brooklyn on April 3, 2015 when he was robbed at gun point by a man with a mask, a hat and a hoody.

12.  Nadire Khelifi is the owner of the wine shop at 305 Franklin Avenue and was a witness to the aforementioned robbery.

13. Saleem Mohammed was working in his convenience store at 463 DeKalb Avenue on April 6th. About 9:00pm that evening an armed man with his face covered came in with a gun and demanded money which he took from the cash register.

14.  Gajjan Singh works at a Laundromat at 459 DeKalb Avenue and was there on April 20th at about 8:40pm. He testified that a man he did not recognize came in with a gun and demanded money, which he was given.
.

15. Jong Cheol Shin testified that he has a dry cleaning establishment in Brooklyn at 455

DeKalb in Brooklyn. He was there on April 24, 2015 at about 8:30am. As in the other occurrences, the man was wearing a mask.  The intruder took money from the dry cleaner's and left. The witness testified that the incident took less than a minute.

16. Devion McIntosh was in the above mentioned dry cleaner of April 24 . He said that he was shocked during the incident. He has no idea who the robber was.

17. That on or about the 27th day of April, 2015, the plaintiff EMANUEL DASH was lawfully in the City and State of New York in the County of Kings, at or near 411 Lafayette Avenue .

18. The plaintiff EMANUEL DASH was committing no crime at that time and was not acting in a suspicious manner. He was not in possession of any contraband or controlled substances.

19. At the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted  and falsely imprisoned by officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .

20.  The defendant officers, in particular, defendants RONALD MONTAS & WILLY JOHNSON, obtained a false and coerced written confession from plaintiff EMANUEL DASH. Defendant MONTAS did so by telling the plaintiff that he would shoot him unless he wrote out a confession as dictated by defendant MONTAS.

21. The aforementioned false confession was only recorded by a coerced writing by the plaintiff; it was not memorialized via a video or audio recording although, upon information and belief, the defendants had the means to do so.

22. The false written confession led to the plaintiff's unlawful imprisonment. He was falsely prosecuted under Kings county Criminal Court docket # 2015 KN026345.

23. While the plaintiff was being held, the officers involved with his arrest, including but not limited to RONALD MONTAS, with, upon information & belief, the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses and confessed to same when in fact this was not true.

24. Said false information included, but was not limited to the allegation that the plaintiff had confessed to several robberies. Said false confession was coerced by defendant RONALD MONTAS, Sh. # 6795 who stated that he would shoot the plaintiff unless he wrote out a confession dictated to him by defendant MONTAS

25. Said false confession, information and evidence was used against the plaintiff and formed a key part of the criminal charges against him. The perjured testimony of the defendants, including, but not limited to, RONALD MONTAS led to the false and perjured indictment of the defendant under Kings County Indictment # 3246/15 .

26. The plaintiff, who was the defendant in the underlying criminal action, plead not guilty and proceeded to trial in Kings County Supreme Court. At that trial, the following people were among those who testified, as follows:

27. Mr. Zachery Teeple testified on that he was in a wine shop in Brooklyn on April 3, 2015 when he was robbed at gun point by a man with a mask, a hat and a hoody. The robber made Mr. Teeple lie on the floor and took his wallet. To his recollection the man was of average height and African American. Mr. Teeple had never seen this man before, and did not recognize him. The whole event took under a minute and was captured on video. Mr. Teeple did not make a courtroom identification of Mr. Dash.

28. Nadire Khelifi is the owner of the wine shop at 305 Franklin Avenue. This was the same location and incident testified to by Mr. Teeple, above. Mr. Khelifi testified that he had no opportunity to observe the robber, did not know his name and had never seen him before. He did not make a courtroom identification of the plaintiff.

29. Salem Mohammed was working in his convenience store at 463 DeKalb Avenue on April 6th. About 9:00pm that evening an armed man with his face covered came in with a gun and demanded money which he took from the cash register. He did not make a courtroom identification of the plaintiff.

30. Gajjan Singh works at a Laundromat at 459 DeKalb Avenue and was there on April 20th at about 8:40pm. He testified that a man he did not recognize came in with a gun and demanded money. The incident was captured on video. When asked to view this video at the trial Mr. Singh stated he was having problems with his vision and could not see clearly. He did not make a courtroom identification of the plaintiff.
.

31. Jong Cheol Shin testified that he has a dry cleaning establishment in Brooklyn at 455

DeKalb in Brooklyn. He was there on April 24, 2015 at about 8:30am. As in the other occurrences, the man was wearing a mask. This incident was also captured on video. The intruder took money from the dry cleaner's and left. The witness testified that the incident took less than a minute. Mr. Shin did not make a courtroom identification of the plaintiff.

32. Devion McIntosh was in the above mentioned dry cleaner of April 24 . He said that he was shocked during the incident. He has no idea who the robber was and did not make a courtroom identification of the plaintiff.

33. Defendant Ronald Montas testified at the trial & was one of the investigating detective in this case.  In sum, he testified that the plaintiff was read his Miranda warnings and that the plaintiff confessed in writing to the 4 robberies.

34. The statement is rather confused and states that third parties known only by first names and no addresses or phone numbers forced the plaintiff to commit these crimes.

35. Upon information and belief there was no audio or video recording of the alleged confession. Defendant Montas stated that another officer was with him for at least part of the interrogation and that officer never testified at trial. Upon information and belief this officer was defendant WILLY JOHNSON.

36. That there was no forensic evidence, such as DNA or fingerprints, introduced at this trial linking the plaintiff to any of the four robberies.

37. That the plaintiff, who was the defendant in the underlying criminal action, testified at the trial of same.

38. The plaintiff testified that the confession he wrote was false and that he was forced to do so by defendant MONTAS, who dictated same to the plaintiff.

39. The plaintiff testified that defendant MONTAS said he would shoot him unless the plaintiff falsely confessed to the four robberies mentioned above.

41. That, upon information & belief, the prosecution had a full and fair opportunity to present its case to the jury.

41. That the plaintiff was acquitted of all the charges against him by a Kings County jury and released after spending 17 months in jail.

42. The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest.

43. All of the foregoing took place as a direct and foreseeable result of the unconstitutional activities of the defendants including, without limitation, the falsification of evidence, criminal court complaints and other things to justify the prosecution of innocent

people, including the plaintiffs .

44. By reason of the foregoing, plaintiff sustained injury and damage as described above.

**AS AND FOR A FIRST CLAIM ON BEHALF OF THE PLAINTIFF
EMANUEL DASH
Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

45. The plaintiff repeats the foregoing allegations .

46. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees were performed and carried out under color of law.

47. All of the above described acts deprived plaintiff EMANUEL DASH of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

48. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that are  forbidden by the United States Constitution.

50. By reason of the foregoing, the plaintiff EMANUEL DASH is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CLAIM ON BEHALF OF EMANUEL DASH
Unlawful Imprisonment under 42 U.S.C. Section 1983

51. Plaintiff repeats the foregoing allegations

52. The Defendants imprisoned the plaintiff EMANUEL DASH without probable cause, causing him to be detained against his will for over 17 months and subjected to physical restraints.

53. The individually named defendants caused plaintiff EMANUEL DASH to be unlawfully detained for over 17 months. The case was eventually tried and the defendants was found not guilty before a jury in Kings County Supreme Court before the Hon. Michael Gary.

54. The defendants, in particular defendant MONTAS, did so by falsely, unlawfully and perjuriously claiming the plaintiff confessed to four armed robberies when in fact the plaintiff had falsely done so by means of coercion.

55. By reason of the foregoing, the plaintiff EMANUEL DASH is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CLAIM ON BEHALF OF EMANUEL DASH
( Malicious prosecution under 42 U.S.C. Section 1983 )

56. Plaintiff repeats the foregoing allegations

57. The individually named defendants, in particular, defendant MONTAS began, initiated, commenced and continued a malicious protection against the plaintiff EMANUEL DASH

58. Defendants caused the plaintiff EMANUEL DASH to be prosecuted without probable cause .

59. The defendants, in particular defendant MONTAS, did so by falsely,unlawfully and perjuriously claiming the plaintiff confessed to four armed robberies when in fact the plaintiff had falsely done so by means of coercion and in other ways.

60. By reason of the foregoing, the plaintiff EMANUEL DASH is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CLAIM ON BEHALF OF EMANUEL DASH
### Abuse of Process under 42 U.S.C. Section 1983

61. Plaintiff repeats the foregoing allegations

62. The defendants issued criminal process against the plaintiff EMANUEL DASH by falsely prosecuting him in Kings County

63. Defendants, their agents servants and employees, by their conduct herein alleged, caused the plaintiff EMANUEL DASH to be arrested and prosecuted in order to obtain an impermissible collateral objective outside the legitimate ends of the legal system, to wit: to avoid discipline for their abuse of authority, to gain overtime compensation, and thereby violated plaintiff's right to be free from malicious abuse of process.

64. The defendants, in particular defendant MONTAS, did so by falsely,unlawfully and perjuriously claiming the plaintiff confessed to four armed robberies when in fact the plaintiff had falsely done so by means of coercion.

65. By reason of the foregoing, the plaintiff EMANUEL DASH is entitled to

compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CLAIM ON BEHALF OF EMANUEL DASH
(Violation of Right to a Fair Trial under 42 U.S.C. Section 1983)

66. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67. Defendants created false evidence against the plaintiff EMANUEL DASH including false statements .

68. Defendants used the false evidence against EMANUEL DASH in a legal proceeding in the Criminal Court of the City of New York.

69. By reason of the defendant's creation, fabrication, and use of false evidence against the plaintiff EMANUEL DASH, plaintiff suffered and experienced a violation of his right to a fair trial as guaranteed by the Constitution of the United States.

70. By reason of the foregoing, the plaintiff EMANUEL DASH is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CLAIM ON BEHALF OF EMANUEL DASH
Failure to Intervene under 42 U.S.C. Section 1983

71. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiff whose constitutional rights were being violated in their presence and with their knowledge.

73. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

74. By reason of the foregoing the plaintiff had his liberty restricted for an extended

period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

75. By reason of the foregoing, the plaintiff EMANUEL DASH is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

76 . All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law
To not be subjected to false imprisonment.
To be free from summary punishment
To have other officers intervene when a police officer abuses a civilian
To be free from malicious prosecution.
To be free from malicious abuse of process.

77. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY
August 18, 2017.
.                                   This is an electronic signature
---------------/s/------------------------------
MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201
(718) 488-7788