UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In the Matter of                              :
                                              :
Michael Colihan,                              :        M-2-238
                                              :
                    Respondent.               :        **OPINION AND ORDER**
------------------------------------------------------X

**BEFORE THE COMMITTEE ON GRIEVANCES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK[1]**

This matter comes before the Committee on Grievances for the United States District Court for the Southern District of New York (the "Committee") to consider the imposition of discipline upon Respondent Michael Colihan, a member of the bar of this Court, for misconduct in connection with *Vasconcellos v. City of New York*, 12-cv-8445 (CM)(HBP), *Patterson v. City of New York*, 14-cv-5330 (PKC)(SN) and *Edwards v. City of New York*, 13-cv-6664 (GHW). On March 20, 2017, Respondent was ordered to respond to charges that he engaged in bad faith discovery practices and made false statements to his adversaries and the Court. Respondent timely submitted a declaration in response (the "Declaration").

Based upon the record, including Respondent's Declaration, which does not dispute the material facts relating to his conduct, the Committee finds that Respondent engaged in conduct that violates the New York Rules of Professional Conduct, specifically Rules 3.3(a)(1) (a lawyer shall not knowingly make a false

---

[1] The members of the Committee are District Judge Katherine B. Forrest, Chair; Chief Judge Colleen McMahon; District Judges Andrew L. Carter Jr., Katherine Polk Failla, Kenneth M. Karas, Louis L. Stanton, and Richard J. Sullivan; and Magistrate Judges James L. Cott and Judith C. McCarthy.

statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer); 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); 8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice); and 8.4(h) (a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer).

## BACKGROUND

In three separate cases in this Court where Respondent represented plaintiffs against the City of New York, Respondent made statements to the Court falsely claiming that he had tried but failed to reach his adversary. Respondent's misconduct caused confusion, delay and a waste of resources.

Based on Respondent's pattern of deception, on March 20, 2017, the Committee issued an order to show cause and statement of charges, charging Respondent with violating Rules 3.3(a)(1), 8.4(c), 8.4(d) and 8.4(h). On April 24, 2017, Respondent submitted his Declaration admitting to the material factual allegations and each of the four charges.[2] The Declaration presents mitigating evidence and a proposal for a sanction of a reprimand.

---

[2] Paragraph 6 of the Statement of Charges alleges that, on November 10, 2014, Respondent served ten deposition notices in the *Patterson* case, and that the City confirmed availability for the depositions. Respondent claims that the deposition notices did not contain any intentionally false statements, but he acknowledges that there was an unintentional typographical error with respect to the court reporter's office where the depositions were to be held. Respondent denies that the conduct alleged in Paragraph 6 of the Statement of Charges violated Rules 8.4(c); 8.4(d) and 8.4(h). Without making findings, the Committee accepts, for purposes of this order, Respondent's version of events as it relates to the error with respect to the court reporter's office, and does not base any charges on that error.

2

## DISCUSSION

Rule 1.5(b)(5) of the Local Rules of the United States District Court for the Southern District of New York authorizes the Committee on Grievances to discipline an attorney if, after notice and opportunity to respond, it is found by clear and convincing evidence that,

> [i]n connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York. In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

### A. *Vasconcellos v. City of New York*

Respondent represented the plaintiff in a matter in this Court entitled *Vasconcellos v. City of New York*. On December 9, 2014, Respondent sent a letter to the Honorable Henry B. Pitman, U.S.M.J., (Docket Item 73), seeking additional time to respond to the defendant's letter motion for sanctions based on the failure of a witness and Respondent to appear for a deposition noticed by Respondent (the "December 9 Letter").

The December 9 Letter states that Respondent had sought consent from Corporation Counsel for the extension of time but that he had been unable to reach him. That statement was false. After Corporation Counsel wrote to Magistrate Judge Pitman and advised that he had not received any messages or emails from

3

Respondent, Respondent wrote to Magistrate Judge Pitman again on December 15, 2014 (the "December 15 Letter"), stating:

> Finally, in response to my adversary's last letter where I am called a liar, I must clarify what I meant when I said I was unable to contact [the defendant's counsel]. As I wrote that last letter asking for an extension of time at around 6:00am, I felt there was no point calling his office since he would not be in at that hour. My statement was not designed to mis[lead] anyone.

(Docket Item 78 at 2).

These statements were intentionally misleading. Respondent's December 9 Letter was actually filed by Respondent at 10:00 a.m. on December 9, 2014, and Respondent could have telephoned Corporation Counsel before filing it. Furthermore, Respondent's statement in the December 9 Letter that he was unable to reach Corporation Counsel was designed to mislead the Court into thinking that Respondent had met his obligation of conferring with his adversary. As described below, Respondent made similar statements to the Court on the same day in letters he filed in the *Patterson* and *Edwards* cases about his inability to reach his adversary, which statements were also false.

## B. *Patterson v. City of New York* and *Edwards v. City of New York*

During the same time period as the events described above, Respondent represented the plaintiff in another matter in this Court entitled *Patterson v. City of New York*, 14 Civ. 5330 (PKC) (SN). On November 10, 2014, Respondent served ten deposition notices on the City: one for each defendant police officer. (*See* Docket Item No. 43-1.) Corporation Counsel, Daniel Louis Passeser, confirmed all of the

4

deposition dates by email. (Docket Item No. 43-2 at 3.) However, Respondent did not schedule the depositions, and failed to advise the City that he had not done so.

Detective John Fahim was the first deposition that was noticed, for December 3, 2014. (Docket Item No. 43-1 at 1.) Mr. Passeser traveled with Detective Fahim to the noticed place at the noticed date and time for the deposition. However the deposition was not scheduled and Respondent did not appear. At that time, Mr. Passeser learned from the court reporting service that none of the ten noticed depositions had been scheduled for the noticed dates.

Mr. Passeser attempted to reach out to Respondent but was unable to do so, and left a voicemail. (Docket Item No. 43-2 at 2.) He then returned to his office and allowed Detective Fahim to return to work. (Docket Item No. 43 at 2.) Later that day, Mr. Passeser wrote Respondent an email expressing an intention to move for sanctions against Respondent for wasting his time and the time of Detective Fahim. (Docket Item No. 43-2 at 2.)

On December 4, 2014, Respondent replied via email:

> As I indicated in a prior letter, ( which you'll probably say you never got , a Law Dept. standard and favorite) I WON"T BE DEPOSING ANY DEFENDANTS UNTIL YOU FULFILL YOUR OBLIGATIONS TO PRODUCE THEIR DISCIPLINARY RECORDS WHICH JUDGE CASTEL RULED YOU HAD TO DO AT THE LAST CONFERENCE."
> (*Id.* at 1 (typographical errors in original).)

That statement was false because, in fact, Respondent had not sent any such letter. (Declaration at ¶13.) The December 4 email was intended to cover up Respondent's neglect in failing to schedule the noticed depositions. (*Id.*)

5

Mr. Passeser responded that, indeed, he had not received any such letter and asked that he be forwarded the letter; in addition, Mr. Passeser indicated, "I will wait to make my sanctions motion until I review it, assuming you send it to me in the next few days." (*Id.*) Respondent replied again, stating "The City asking for sanctions- that's a good one[.]" (*Id.*) Respondent never produced the alleged letter.

On December 5, 2014, the City requested a pre-motion conference in anticipation of filing a motion asking the Honorable P. Kevin Castel, U.S.D.J., to sanction Respondent for engaging in bad faith discovery practices and making material misrepresentations to the Court. (Docket Item No. 43.) On December 9, 2014, Respondent requested an extension to respond to the City's motion and stated, "I have not been able to reach my adversary for his consent and no prior application for this relief has been made." (Docket Item No. 44.) That statement was false because, in fact, Respondent had not tried to reach his adversary. (Declaration at ¶ 14.)

On that same day—December 9, 2014—Respondent sent a letter to the Honorable Gregory H. Woods, U.S.D.J., seeking a rescheduling of a conference in *Edwards v. City of New York*, 13 Civ. 6664 (GHW), which was also pending in this Court. In that letter, Respondent stated that he had not been able to reach his adversary. Again, that statement was false because, in fact, Respondent had not tried to reach his adversary.

In an order dated March 11, 2015, the Honorable Sarah Netburn, United States Magistrate Judge for the Southern District of New York, granted the

6

City's motion and awarded sanctions "in the amount equal to one hour ($250.00) of Mr. Passeser's time for a appearing for a deposition that the noticing party failed to attend." (Docket Item No. 89, at 9.) The Court held that "Mr. Colihan ha[d] not refuted the City's claim that he made a fraudulent representation" and he failed to refute the City's claim that he had never written or sent a letter cancelling the depositions. (*Id.* at 10.) Although Respondent failed to refute Mr. Passeser's claim that he had fraudulently misrepresented that he had "not been able to reach [his] adversary for his consent" to the December 9 extension request, (*id.*), Judge Netburn found that "one could generously read Colihan's statement to mean that he had 'not been able' to attempt to reach his adversary" and declined to award additional sanctions. (*Id.*) Respondent did not seek to clarify the record.

## CONCLUSION

The Committee on Grievances, having carefully considered Respondent's submission in response to the March 20, 2017 Order that was issued in this matter, finds that Respondent has raised no issues requiring a hearing. *See* S.D.N.Y. Local Rule 1.5(d)(4). On the basis of the record and Respondent's own admissions, the Committee finds that Respondent acted in violation of Rules 3.3(a)(1) (knowingly made false statements of fact to a tribunal); 8.4(c) (engaged in conduct involving dishonesty, fraud, deceit or misrepresentation); 8.4(d) (engaged in conduct prejudicial to the administration of justice) and 8.4(h) (engaged in conduct that reflects adversely on his fitness to practice law). In determining the measure of discipline to be imposed upon Respondent, the Committee has taken into account,

as mitigating circumstances, the absence of a prior disciplinary record in Respondent's 33 years of practice, Respondent's candor and cooperation with this disciplinary proceeding, his expressions of remorse, and the monetary sanctions he has already paid to compensate Corporation Counsel for his time. The Committee has also considered Respondent's explanations for his state of mind at the time he made the false statements, which include "an overwhelming amount of work" and an "emotionally draining romantic personal and emotional relationship which caused [him] profound stress." *See* ABA, *Standards for Imposing Lawyer Sanctions* § 9.32 (1986, amended 1992). However, there are several aggravating factors present as well, including Respondent's dishonest and selfish motive, his multiple false statements which comprise a pattern spanning three separate cases, and Respondent's substantial litigation experience. (*Id.* at § 9.22.)

Taking into consideration all of the circumstances indicated by the record, it is the Committee's position that suspension from the practice of law in this Court for a period of nine months is an appropriate and suitable discipline to be imposed upon Respondent. Accordingly, pursuant to S.D.N.Y. Local Civil Rule 1.5(b)(5) and (c)(1), it is hereby **ORDERED** that Respondent be suspended from the practice of law in the Southern District of New York for a period of nine months, effective immediately, with leave to apply for reinstatement at the expiration of that term. It is further **ORDERED** that Respondent shall return forthwith to the Office of the District Executive any Attorney Service Pass issued by this Court to him. In accordance with Local Civil Rule 1.5(h)(3), Respondent is **ORDERED** to deliver a

copy of this Order to the clerk of each federal, state or territorial court, agency and tribunal to which he is admitted to practice. Respondent is further **ORDERED** to deliver a copy of this Order to the clerk of each federal, state or territorial court, agency and tribunal to which he applies for reinstatement or admission to practice, simultaneously with his application. The Clerk of Court is hereby directed to unseal the entire record of this matter.

Dated:   March 26, 2018
         New York, New York

                               SO ORDERED.

                               _____
                               KATHERINE B. FORREST
                               Chair, Committee on Grievances S.D.N.Y.