UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
EMANUEL DASH,

                Plaintiff,

    - against -

DETECTIVE RONALD J. MONTAS and
DETECTIVE WILLY JOHNSON,

                Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-515 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Emanuel Dash brought this action on January 30, 2017 against Defendants New York City Police Department Detectives Ronald J. Montas and Willy Johnson, alleging various claims under 42 U.S.C. § 1983 in connection with Plaintiff's arrest on April 27, 2015. (Dkt. 1.) On March 31, 2020, the Court granted Defendants' motion for summary judgment in its entirety (Dkt. 100), and judgment was entered in favor of Defendants against Plaintiff (Dkt. 101).

    On April 30, 2020, Defendants filed a Bill of Costs with supporting documentation, which requested that Plaintiff pay $811.60. (Dkt. 102-3.) Plaintiff filed his opposition to the Bill of Costs, arguing that his lawsuit was brought in good faith and that his "diminished mental capacity and zero income" warrant denial of the imposition of costs against him. (Dkt. 103, at 1.) For the reasons set forth below, the Court defers ruling on Defendants' request for entry of the Bill of Costs in order to allow Plaintiff to provide evidentiary support for his asserted inability to pay.

**DISCUSSION**

    As a general matter, Federal Rule of Civil Procedure 54 permits the award of costs to a prevailing party. *See* Fed. R. Civ. P. 54(d)(1); *Wilder v. GL Bus Lines*, 258 F.3d 126, 129 (2d Cir. 2001) (per curiam). While an "award against the losing party is the normal rule obtaining in civil

litigation, not an exception," *C.C. ex rel. v. Polaris Indus., Inc.*, No. 14-CV-0975 (GTS) (TWD), 2018 WL 3031848, at *3 (N.D.N.Y. June 19, 2018) (quoting *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016)), "the decision of whether to award costs [to the prevailing party] 'is committed to the sound discretion of the district court,'" *Campbell v. Empire Merchs., LLC*, No. 16-CV-5643 (ENV) (SMG), 2020 WL 587484, at *1 (E.D.N.Y. Feb. 6, 2020) (quoting *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 102 (2d Cir. 1999)). "The Court may, in considering the equities of the case, deny costs due to factors such as financial hardship and the plaintiff's good faith in bringing the lawsuit." *Id.* (citing *Moore v. County of Delaware*, 586 F.3d 219, 222 (2d Cir. 2009); *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, No. 02-CV-9151 (KMW), 2010 WL 1780950, at *1 (S.D.N.Y. May 4, 2010)). The burden is on the losing party to show that costs should not be imposed. *See id.* (citing *Whitfield*, 241 F.3d at 270).

The filing of an action in good faith does not, by itself, compel the denial of costs. *See Castro v. City of New York*, No. 10-CV-4898 (NG) (VVP), 2014 WL 4659293, at *3 (E.D.N.Y. Sept. 17, 2014) (citing *Whitfield*, 241 F.3d at 272–73). In addition, while "a district court may deny costs on account of a losing party's indigency, [] indigency *per se* does not automatically preclude an award of costs." *Campbell*, 2020 WL 587484, at *1 (quoting *Whitfield*, 241 F.3d at 270). In order to meet his burden, the losing party must also provide evidence documenting his alleged indigency. *See Hogan v. Novartis Pharm. Corp.*, 548 F. App'x 672, 674 (2d Cir. 2013) (summary order) (affirming imposition of costs where plaintiff "presented no evidence to document her alleged lack of financial resources" (citation omitted)); *Campbell*, 2020 WL 587484, at *1 ("Where, as here, a plaintiff provides no documentary support for his claimed indigency and,

instead, relies solely on bald assertions to that effect in his affidavits, a district court should not excuse the taxing of costs on that basis." (citations omitted)).

Here, Plaintiff's counsel represents that Plaintiff "lives in a homeless shelter [and] has diminished mental capacity and zero income. In fact, plaintiff relies on the government for financial and housing assistance." (Dkt. 103, at 1 (footnote omitted).) However, Plaintiff has provided no evidence documenting his claimed indigency. While the Court finds that Plaintiff filed this lawsuit in good faith and is prepared to deny Defendants' request for costs if, in fact, Plaintiff is indigent, Plaintiff must meet his burden of demonstrating that indigence, even if only with a sworn declaration or affidavit attesting to his current financial or other relevant personal circumstances.

## CONCLUSION

For the reasons stated above, the Court defers ruling on Defendants' Bill of Costs request for sixty (60) days, or until July 6, 2020, in order to allow Plaintiff to submit proof of his indigence and/or inability to pay. Should Plaintiff fail to do so, the Court will grant Defendants' request, pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Local Civil Rule 54.1.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 6, 2020
　　　　Brooklyn, New York